UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**LOUIS CARVER**,

 Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the Report and Recommendation entered by Magistrate Judge Ryon M. McCabe on the Government's Unopposed Motion for a *Garcia* Hearing [ECF No. 634]. On June 14 and June 21, 2023, Magistrate Judge McCabe held a *Garcia* Hearing to address Attorney Joshua Lowther's simultaneous representation of Defendant Louis Carver and Attorney Robyn Sztyndor, a potential witness at trial in this matter [ECF Nos. 615, 627].[1] Magistrate Judge McCabe conducted a full colloquy of both Defendant Louis Carver and Attorney Sztyndor; Magistrate Judge McCabe also heard *ex parte* testimony from Attorney Lowther [ECF No. 615]. The Report concludes that Attorney Lowther has an actual conflict of interest only if Attorney Sztyndor testifies at the upcoming trial in this matter [ECF No. 634 p. 4]; Louis Carver made clear he does not wish to waive his Sixth Amendment right to conflict-free counsel

---

[1] Magistrate Judge McCabe also inquired into a potential conflict involving Attorney Jason Mehta, who represented Defendant Louis Carver during the pre-indictment investigation phase of this case and who also represented Defendant Jestil Tapia in a separate matter (22-CR-601457). Jestil Tapia pled guilty and is expected to be called as a cooperating witness at trial in this matter, leading the Government to alert the Court to a potential conflict of interest. The Report concludes that there are "no Sixth Amendment issues to be resolved" and recommends no action be taken with respect to Attorney Mehta [ECF No. 634 pp. 6–7].

[ECF No. 634 pp. 4–5]. As such, the Report finds that Attorney Lowther must be disqualified if Attorney Sztyndor testifies at trial [ECF No. 634 p. 5]. The Report finds no conflicts that need to be waived absent Attorney Sztyndor being called as a trial witness [ECF No. 634 p. 6]. The Report notes that, "in the event the District Court can fashion a remedy to avoid Sztyndor being called as a witness, then Attorney Lowther has no actual or potential conflicts that need to be waived, and Attorney Lowther need not be disqualified" [ECF No. 634 p. 6]. Neither Defendants Daniel Carver, Louis Carver, nor Jose Goyos indicated an intent to call Attorney Sztyndor as a witness at trial.

Upon review of the Report and Recommendation [ECF No. 634], to which no party has lodged any objection, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 634] is **AFFIRMED AND ADOPTED**.

2. The Court finds that (1) in light of the severance of this matter for trial [ECF No. 655], Attorney Lowther has no actual or potential conflicts that need to be waived, and Attorney Lowther need not be disqualified; and (2) there are no Sixth Amendment issues to be resolved with respect to Attorney Mehta. Defendant Louis Carver has not articulated any other discernible conflict of interest that would present a problem in the context of trial as scheduled for July 10, 2023.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of June 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record